# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| LUCIEN STRONACH,           ) | |
|                            ) | |
|    **Plaintiff,**       ) | |
|                            ) | |
| v.                         ) | Case No. 2:16-cv-413-WKW-PWG |
|                            ) | |
| QUICKEN LOAN, INC., *et al.*, ) | |
|                            ) | |
|    **Defendants.**     ) | |

## REPORT AND RECOMMENDATION

On May 4, 2016, Plaintiff Lucien Stronach filed a civil complaint in the Circuit Court of Elmore County, Alabama, against Defendants Quicken Loan, Inc. ("Quicken"), Federal National Mortgage Association ("FNMA"), Ocwen Loan Servicing, LLC ("Ocwen"), and Mortgage Electronic Registration Systems Inc. ("MERS"). Plaintiff seeks declaratory and monetary relief arising from conduct that pertains to the servicing of his mortgage loan and the initiation of foreclosure proceedings. On June 6, 2016, Quicken removed this case to the United States District Court for the Middle District of Alabama. (Doc. 5).

This matter is before the court on MERS' motion to dismiss. (Doc. 8). For the reasons stated herein, the Magistrate Judge **RECOMMENDS** that MERS' motion to dismiss (Doc. 8) be **GRANTED**.

I.      **JURISDICTION**

Subject matter jurisdiction over Plaintiff's claims is conferred by both 28 U.S.C. §§ 1331 and 1332. The parties do not dispute venue or personal jurisdiction, and there are adequate allegations in Plaintiffs' complaint to support both. On June 13, 2016, this matter was referred to the undersigned by Chief U.S. District Judge W. Keith Watkins for disposition or recommendation on all pretrial matters. (Doc. 13). *See also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

II.     **BACKGROUND AND FACTS**[1]

On November 18, 2005, Plaintiff executed a promissory note in favor of American Home Mortgage and a mortgage in favor of MERS, as nominee for American Home Mortgage, for property located at 302 Old Jasmine Hill Road, Wetumpka, Alabama 36093 ("Property"). (Doc. 5-3 at ¶ 8). Plaintiff alleges that Quicken and Ocwen each acted as a servicer of the Plaintiff's loan and mortgage. (Doc. 5-3 at ¶¶ 2-3). On or before November 2012, Plaintiff was declared in default

---

[1] These are the facts for purposes of ruling on the pending motion to dismiss. They are gleaned from the allegations in the complaint.

on his loan. (Doc. 5-3 at ¶ 20). Ocwen conducted a foreclosure sale of the Property on October 28, 2014, and sold the Property to FNMA. (Doc. 5-3 at ¶¶ 4-5, 9, 22-23).

Plaintiff's complaint alleges state law claims as follows: negligence (Count One); wantonness (Count Two); unjust enrichment (Count Three); wrongful foreclosure (Count Four); slander of title (Count Five); breach of contract (Count Six); fraud (Count Seven); placement in a false light (Count Eight); and defamation, libel, and slander (Count Nine). (Doc. 5-3 at ¶¶ 27-79). While not identified as a specific cause of action, Plaintiff further asserts a claim for relief under 12 U.S.C. § 2605(f) of the Real Estate Settlement Procedures Act. (Doc. 5-3 at ¶ 25).

**III.   MOTION TO DISMISS STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the Complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his

3

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*,

4

550 U.S. 558 (quoting 5 Wight & Miller § 1216, at 233-34 (quoting in turn *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Haw. 1953)) (alteration original). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

## IV. DISCUSSION

MERS contends that Plaintiff failed to include MERS in "his recitation of the 'Defendants'" and made no specific allegations against MERS in the complaint. (Doc. 8 at p. 3). Plaintiff further contends that "MERS did not participate in the servicing or foreclosure of Plaintiff's mortgage, the actions which form the basis of Plaintiff's Complaint." (Doc. 8 at p. 3). According to MERS, Plaintiff's general allegations against the Defendants relate to the servicing of the his loan and do not pertain to any conduct that can be attributable to MERS. (Doc. 8 at p. 3). "Finally, to the extent Plaintiff generally alleges that the assignment of his note and mortgage was defective and void, such a claim is, at best, a defense to foreclosure rather than a basis for an independent cause of action." (Doc. 8 at p. 3).

MERS has advanced meritorious arguments in support of its motion to dismiss, and Plaintiff has not responded in opposition to same.[2]  Plaintiff's Complaint

---

[2] On June 16, 2016, the court ordered Plaintiff to file a response to MERS' motion to dismiss on or before June 30, 2016. (Doc. 16). To date, Plaintiff has not filed the required response.

5

references MERS in one instance when it alleges that Plaintiff executed a mortgage in favor of MERS as a nominee for the lender.  (Doc. 5.3 at ¶ 8).  The complaint, however, neither includes MERS in the recitation of Defendants in the body of the complaint nor references any specific conduct that can be attributable to MERS.  Thus, even when viewing the allegations in the complaint as true, Plaintiff has failed to state any plausible claims against MERS.

## V. CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Defendant MERS' motion to dismiss (Doc. 8) be **GRANTED** and that MERS is due to be dismissed as a matter of law.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **July 26, 2016.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from

attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this the 12th day of July, 2016.

                                        /s/ Paul W. Greene
                                        United States Magistrate Judge